IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ADAMS,

    Plaintiff,　　　　　　　　　　No. CIV S-04-0694 DFL KJM P

    vs.

TERESA SCHWARTZ, et al.,　　　　　ORDER AND

    Defendants.　　　　　　　　　FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Defendants have filed a motion to dismiss, alleging that plaintiff has failed to exhaust his administrative remedies as to defendant Mehta and, as a result, the entire complaint must be dismissed under the PLRA's "total exhaustion requirement."

I. <u>The Complaint And Exhaustion Of Administrative Remedies</u>

        In his amended complaint, plaintiff alleges that defendant Mehta administered a sulfa drug to plaintiff even though he knew plaintiff is allergic to sulfa drugs.  Amended Complaint (Am. Compl.) at 2-4.  A separate claim is based on defendant Fisher's alleged interference with plaintiff's receiving insulin in a timely fashion.  <u>Id</u>.

        Defendants have filed a motion to dismiss, asserting that plaintiff has not exhausted his administrative remedies as to defendant Mehta and that this failure to comply with

1

the "total exhaustion" requirement of the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a) (PLRA), means that the claims against defendant Fisher should be dismissed as well.

Plaintiff concedes he has failed to exhaust administrative remedies as to defendant Mehta and has "no problem with this Honorable Court dismissing Dr. Mehta from this action." Opposition (Opp'n) at 1. He argues, however, that the entire complaint should not be dismissed and the claims against defendant Fisher, who has "cross[ed] the line," should go forward. Opp'n at 3.

As the Ninth Circuit has recognized, a prisoner's concession of failure to exhaust is a proper basis for dismissal. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir), cert. denied sub nom. Alameida v. Terhune, 540 U.S. 810 (2003). Accordingly, the claims based on defendant Mehta's alleged administration of sulfa drugs should be dismissed.

II. Complete Exhaustion

The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of such remedies is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants argue that the PLRA imposes a "total exhaustion" requirement on prisoner civil rights actions, which means that an entire action must be dismissed when some of the claims have not been exhausted administratively. Two circuits and several district courts have adopted this view. Mem. P. & A. in Supp. Mot. to Dismiss at 8-9.

In Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004), the court found the PLRA contains a total exhaustion requirement, which mandates dismissal of a complaint that combines exhausted and unexhausted claims. It reached its conclusion by examining total exhaustion in the context of habeas corpus cases and the policies underlying the PLRA. The court noted that requiring total exhaustion would encourage prisoners to "make full use" of internal grievance procedures, "facilitate the creation of an administrative record," and

"relieve the district courts of the duty to determine whether certain exhausted claims are severable from other unexhausted claims. . . ." Id. at 1190.

In Bey v. Johnson, 407 F.3d 801, 807 (6th Cir. 2005), the Sixth Circuit also looked to habeas jurisprudence as support for its adoption of the total exhaustion requirement, but rested its conclusion "in large part" on "the plain language of the statute." The court found that when Congress used the term "action" it meant "suit" rather than individual allegations or claims. Id. See also Rivera v. Whitman, 161 F. Supp.2d 337, 341-43 (D.N.J. 2001) (adopting total exhaustion approach), abrogated on other grounds by Ray v. Kertes, 285 F.3d 287 (3rd Cir. 2002); Mubarak v. California Department of Corrections, 315 F. Supp. 2d 1057, 1060-61 (S.D. Cal. 2004) (same); Smeltzer v. Hook, 235 F. Supp. 2d 736, 744 (W.D. Mich. 2002).

Defendants also rely on the Eighth Circuit's decision in Graves v. Norris, 218 F.3d 884 (8th Cir. 2000) in support of their total exhaustion argument. In Graves, the court upheld a district court's dismissal of an action when some but not all of the claims had not been exhausted. Id. at 885. However, in Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003), the court found a district court had abused its discretion in denying the inmate's motion to amend the complaint to dismiss the unexhausted claim.

The Second Circuit has agreed that any one of a prisoner's claims that has not been exhausted is not cognizable:

> Section 1997e(a) clearly instructs that an action . . . containing exhausted and unexhausted claims should not have been "brought." But we do not think that it follows that the only possible response to the impermissibility of the bringing of the action is to dismiss it in its entirety–to kill it rather than to cure it. The statute does not say so. And section 1997e(c), which addresses "dismissals" of some such suits by prisoners–and is therefore the place where we would expect to find guidance as to whether dismissal of "mixed" actions is required–is silent on the issue.

Ortiz v. McBride, 380 F.3d 649, 657 (2d Cir. 2004), cert. denied, ___ U.S. ___, 125 S. Ct. 1398 (2005). The court in Ortiz rejected the Tenth Circuit's position that dismissing mixed actions in their entirety would force prisoners to make use of internal grievance procedures; it found

1 dismissing only the unexhausted claims will serve the same purpose, for the claim will not be
2 heard in any renewed action unless it has been exhausted. Id. at 661; compare Ross, 365 F.3d at
3 1189.
4    The Second Circuit found the comparison between habeas and civil rights
5 exhaustion to be inapt: A habeas petition focuses on a single event, generally a state court
6 conviction, and presents generally interconnected claims. The dismissal of a mixed habeas
7 petition, then, means a court will not have to review the underlying facts twice. Civil rights
8 actions, in contrast, "routinely seek to address more than one grievance–sometimes a laundry list
9 of grievances–relating to different events or circumstances." Ortiz, 380 F.3d at 661-62. The
10 dismissal of the entire action in these circumstances does little to promote judicial efficiency.
11 Id.; see also Blackmon v. Crawford, 305 F. Supp. 2d 1174, 1179-80 (D. Nev. 2004) (rejecting
12 dismissal of mixed civil rights action).
13    This court believes the Second Circuit's approach provides the best model in the
14 absence of clear direction from the Ninth Circuit. First, neither the plain language of the statute
15 nor the underlying policies mandate the complete dismissal of a mixed civil rights action. While
16 section 1997e(a) provides that "no action shall be brought" unless administrative remedies have
17 been exhausted, it says nothing about the disposition of mixed actions. Moreover, requiring total
18 dismissal of a mixed action will not necessarily promote judicial efficiency: a dismissal of a
19 mixed action would likely prompt the prisoner to file a new suit containing only the exhausted
20 claims, which would then be subject to the court's required screening process for prisoner cases.
21 There is no guarantee the same judge would screen the new action. Thus, application of a "total
22 exhaustion" rule would do little to address Congress's concern with reducing the burden on
23 courts caused by inmate litigation.
24 /////
25 /////
26 /////

Finally, the Ninth Circuit has recently rejected attempts to graft habeas procedures onto civil rights actions:

> Congress intended § 1997e(a) "to reduce the quantity and improve the quality of prisoner suits." Merging procedural default with the PLRA's exhaustion requirement, though, would potentially reduce the quantity of meritorious suits and would not necessarily improve the quality of the surviving suits. In addition, neither the interests of federalism nor comity are served by imposing a procedural default component on the PLRA's exhaustion requirement.

Ngo v. Woodford, 403 F.3d 620, 630 (9th Cir. 2005) (internal citation omitted). Similarly, dismissing a civil rights action that contains both exhausted and unexhausted claims would neither reduce the quantity nor improve the quality of such lawsuits, nor serve the interests of federalism.[1]

Accordingly, although plaintiff has failed to exhaust his administrative remedies as to defendant Mehta, the suit against defendant Fisher should proceed.

III. Motion For The Appointment Of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

/////

/////

---

[1] Moreover, even a "mixed" habeas petition may be saved from total dismissal if the inmate files an amended petition containing only exhausted claims. See Smith v. Ratelle, 323 F.3d 813, 819 (9th Cir. 2003), cert. denied sub nom. Alameida v. Smith, __ U.S. __, 124 S. Ct. 2904 (2004).

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 24, 2005 request for the appointment of counsel is denied.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be granted as to defendant Mehta, but denied as to defendant Fisher.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

[2] adam0694.57