IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ADAMS,

        Plaintiff,                         No. CIV S-04-0694 DFL KJM P

   vs.

TERESA SCHWARTZ, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983 in which he claims that his Eighth Amendment rights were violated when defendant Fisher caused delays in plaintiff receiving his insulin shots.

        On May 18, 2006, petitioner filed a request for a preliminary injunction, asking the court to direct unidentified officials at the California Medical Facility (CMF) to schedule the needle biopsy of his prostrate at an outside hospital. He bases his request on reports of the inadequacy of health care in California's prisons rather than on any particular problems with the medical staff at CMF.

        Speculative injury does not constitute the irreparable harm that would justify injunctive relief. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A

presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine Servs. Co., 844 F.2d at 67. Plaintiff's generalized fears about the CMF medical staff is not sufficient.

In addition, plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. Indeed, the only defendant remaining in this action is Lieutenant Fisher, a correctional officer; plaintiff does not allege that Fisher is involved in the biopsy. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

IT IS HEREBY RECOMMENDED that plaintiff's May 18, 2006 request for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2006.

_____
U.S. MAGISTRATE JUDGE

2
adam0694.56